[No. 9586.   Department One. — November 26, 1886.]

## CAROLINE J. BATES, APPELLANT, v. OTIS BATES, RESPONDENT.

PLEADINGS — NEW TRIAL — NEWLY DISCOVERED EVIDENCE — JUDGMENT IN FAVOR OF PARTY MOVING. — A plaintiff in whose favor judgment has been rendered in exact accordance with the allegations of her complaint, is not entitled to a new trial on the ground of newly discovered evidence, which, if true, would contradict the averments of the complaint, and tend to show that she was mistaken in her rights when the action was commenced.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial.

The action was brought by the plaintiff, the widow of one A. S. Bates, against his minor child, for the partition of certain lands situated in Alameda County, standing on the county records in the name of her deceased husband. The plaintiff, proceeding on the assumption that the lands were community property, averred in her complaint that she was the owner and entitled to three fourths thereof, and that the defendant was the owner and entitled to one fourth. The defendant, by his guardian *ad litem*, answered to the same effect. A pre-

liminary decree of partition was thereupon made, in accordance with the allegations of the complaint. Immediately after that decree was entered, but before any notice of the decision had been given, the plaintiff moved for a new trial on the ground of newly discovered evidence. The affidavits in support of the motion were to the effect that the lands in question had been purchased by the husband of the plaintiff with money belonging to her; that such fact was not made known to her attorneys until after the decree was rendered; that the plaintiff and her husband had moved to California a short time before the commencement of the action, where he had died; that the plaintiff, overcome with grief at his loss, and being unacquainted with his investments or the laws of California, was compelled to leave her business to counsel, who were themselves unable to obtain from her adequate information or proofs as to her separate estate, and that her counsel, assuming that the premises in controversy were common property, acted on that assumption in bringing the action. The further facts are stated in the opinion of the court.

*Philip G. Galpin,* for Appellant.

*A. M. Rosborough,* for Respondent.

McKINSTRY, J.—The record brought here contains no matter which would justify the reversal of the final judgment. There are many reasons why the order denying a new trial should not be disturbed. It is enough to say, however, that a plaintiff who has obtained exactly the decree to secure which the action was brought and prosecuted, and which is based upon and is in accord with all the facts alleged in the complaint and admitted by the answer, is not entitled to demand a new trial upon affidavits setting forth matters which may tend to prove that she was mistaken in her rights when she commenced her action. It is perfectly apparent

that a new trial of the issues must result in the same decision and interlocutory judgment.

A new trial is a re-examination of an issue of fact in the same court after a trial and decision, etc. (Code Civ. Proc., sec. 656.)

The former decision may be vacated and a new trial granted, on the application of the party "aggrieved," for certain causes (specified in section 647). Here the affidavits of the plaintiff do not tend to prove: 1. Irregularity in the proceedings of the court or opposite party; or 2. "Accident or surprise," within the meaning of the third subdivision of section 657, Code of Civil Procedure; or 3. Newly discovered evidence, which could have been given under the pleadings; or 4. Insufficiency of the evidence; or 5. Error in law occurring at the trial.

The real purpose of the plaintiff here, as clearly appears, was to have the decision and judgment set aside, that she might amend her complaint, and thus be enabled to prove facts which, if they exist, are contradictory of the averments of the complaint on which the trial was had. She certainly was not entitled to a new trial of the issues made by the pleadings, on which the judgment was based.

Judgment and order affirmed.

MYRICK, J., and THORNTON, J., concurred.